# Sixth Amendment Implications of Law Enforcement Contact with Corporate Executives

Law enforcement contacts with high-ranking executives of a corporation without the presence of counsel after criminal charges have been filed against the corporation violate the corporation's Sixth Amendment right to counsel

No Sixth Amendment violation occurs when such law enforcement contacts with high-ranking executives occur while civil penalty proceedings are in progress against the corporation

April 15, 1994

MEMORANDUM OPINION FOR THE
PRINCIPAL ASSOCIATE DEPUTY ATTORNEY GENERAL

You have asked us to consider the Sixth Amendment implications of law enforcement contacts with high-ranking corporate executives while criminal or civil penalty proceedings are pending against the corporation that employs the executives.[1] We conclude that such contacts outside the presence of counsel violate the Sixth Amendment when criminal charges have been filed, but that law enforcement contacts of this nature do not contravene the Sixth Amendment when civil penalty proceedings are in progress.

## I. *The Sixth Amendment as a Restriction on Interrogation*

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defence." U.S. Const. amend. VI. This constitutional safeguard comes into play concomitantly with the "first formal charging proceeding,"[2] *Moran v. Burbine*, 475 U.S. 412, 428 (1986), and encompasses the right to the assistance of counsel during all forms of interrogation. *See, e.g., Brewer v. Williams*, 430 U.S. 387, 400-01 (1977)

---

[1] Memorandum for Walter Dellinger, Assistant Attorney General, Office of Legal Counsel, from Irvin B. Nathan, Principal Associate Deputy Attorney General (Feb 24, 1994) We also received and considered comments contained in a Memorandum for Mary Jo White, United States Attorney, Southern District of New York, from David B Fein, Deputy Chief, Criminal Division, Southern District of New York (Mar. 11, 1994).

[2] In 1980, we explained that, "[g]enerally, no infringement of the Sixth Amendment can occur prior to the initiation of formal judicial proceedings " *Ethical Restraints of the ABA Code of Professional Responsibility on Federal Criminal Investigations*, 4B Op. O L.C 576, 581 (1980) Although the Supreme Court had previously held that the Sixth Amendment right to counsel could attach prior to indictment, we noted that the Court's decision in that case — *Escobedo v Illinois*, 378 U S 478 (1964) — "has been limited to its facts " 4B Op O.L C at 581 n 10 (citing *Johnson v New Jersey*, 384 U S. 719, 733-34 (1966), and *Kirby v. Illinois*, 406 U S. 682, 690 (1972)).

47

(confession elicited by so-called Christian burial speech); *Massiah v. United States*, 377 U.S. 201, 206 (1964) (surreptitious interrogation).

Most judicial decisions interpreting the right to counsel involve individual defendants, but the Sixth Amendment also affords corporations the right to counsel. *United States v. Rad-O-Lite of Philadelphia, Inc.*, 612 F.2d 740, 743 (3d Cir. 1979); *see also United States v. Unimex, Inc.*, 991 F.2d 546, 549 (9th Cir. 1993) (holding that "a corporation has a Sixth Amendment right to be represented by counsel" at trial); *United States v. Thevis*, 665 F.2d 616, 645 n.35 (5th Cir. 1982) (accused corporation can avail itself of guarantees provided to "an 'accused'" by Sixth Amendment), *cert. denied*, 459 U.S. 825 (1982). Because a corporation "'is an artificial entity that can only act through agents,'" *American Airways Charters, Inc. v. Regan*, 746 F.2d 865, 873 n.14 (D.C. Cir. 1984) (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)), the proscription of interrogation in the absence of counsel after the commencement of adversary judicial proceedings engenders some confusion when a corporation is named as a defendant. Nevertheless, the contours of the Sixth Amendment right to counsel available to corporations can be defined in both the criminal and civil contexts.

## II. *Criminal Proceedings Involving Corporations*

Once the government files criminal charges against a corporation, the Sixth Amendment forecloses interrogation of the corporation outside the presence of corporate counsel. *United States v. Kilpatrick*, 594 F. Supp. 1324, 1350 (D. Colo. 1984), *rev'd on other grounds*, 821 F.2d 1456 (10th Cir. 1987), *aff'd sub nom. Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988). Although the district court opinion in *Kilpatrick* provides the only direct affirmation of this proposition, Sixth Amendment precedent bolsters the conclusion reached in *Kilpatrick*. The Supreme Court has emphasized that the Sixth Amendment "provides the right to counsel at postarraignment interrogations." *Michigan v. Jackson*, 475 U.S. 625, 629 (1986). Because the Sixth Amendment right to counsel applies to corporations as well as individuals, *Unimex*, 991 F.2d at 549; *Rad-O-Lite*, 612 F.2d at 743, corporations — like individuals — cannot be subjected to interrogation outside the presence of counsel after the initiation of criminal proceedings. *See Maine v. Moulton*, 474 U.S. 159, 170 (1985); 4B Op. O.L.C. at 580 ("Once the right to counsel has attached, the government may not elicit incriminating statements from the [defendant] unless it has obtained a waiver of his Sixth Amendment right.").

The question, then, is whether interrogation of high-level corporate executives amounts to contact with the corporation itself. The relationship between corporations and their high-level executives provides the answer to this question. Corporate executives possess the power to invoke a corporation's right to counsel.

48

*Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1119 & n.12 (5th Cir.), *cert. denied*, 449 U.S. 820 (1980). Moreover, statements made by high-level corporate executives can be imputed to the corporation itself as admissions. *Miano v. AC & R Advertising, Inc.*, 148 F.R.D. 68, 76-77 (S.D.N.Y.) (Katz, Magistrate J.), *adopted*, 834 F. Supp. 632 (S.D.N.Y. 1993). In sum, a corporation can invoke constitutional rights and make binding inculpatory statements through its high-ranking executives. Thus, interrogation of corporate executives constitutes interrogation of the corporation itself.[3] *Id.* (collecting cases holding that contact with high-level executives amounts to contact with corporation itself). Accordingly, when law enforcement officials question high-ranking corporate executives outside the presence of counsel after the initiation of formal criminal proceedings, the Sixth Amendment dictates that — absent a valid waiver of the right to counsel — all statements made by corporate executives are inadmissible against the corporation at a criminal trial.[4] *See Moulton*, 474 U.S. at 180.

### III. *Civil Penalty Actions Against Corporations*

Courts traditionally have rejected assertions of the Sixth Amendment right to counsel in civil penalty proceedings on the assumption that the Sixth Amendment applies only after the filing of criminal charges. *See, e.g., Williams v. United States Dep't of Transp.*, 781 F.2d 1573, 1578 n.6 (11th Cir. 1986); *Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467, 1482-83 (N.D. Ill. 1990). One commentator has suggested, however, that the Supreme Court's ruling in *United States v. Halper*, 490 U.S. 435 (1989), may have rendered this assumption obsolete. Linda S. Eads, *Separating Crime From Punishment: The Constitutional Implications of United States v. Halper*, 68 Wash U.L.Q. 929, 971-72 (1990). Consequently, you have asked us to address the effect — if any — of the *Halper* decision upon the notion that the Sixth Amendment right to counsel does not apply in civil penalty proceedings.

The *Halper* case involved a Double Jeopardy Clause challenge to a $130,000 civil penalty imposed upon an individual who had previously been convicted on felony charges for the same conduct that led to the civil penalty. *Halper*, 490 U.S. at 437-38. The Supreme Court found that the $130,000 civil penalty served retributive or deterrent purposes, rather than merely remedial purposes, because the penalty bore "no rational relation to the goal of compensating the Government" for

---

[3] The New Jersey Supreme Court has even suggested that a "corporation's Sixth Amendment right to counsel may be implicated if government prosecutors might, after indictment, unqualifiedly interview [a lower-level employee] whose conduct establishes the guilt of the corporation." *Matter of Opinion 668 of the Advisory Comm on Professional Ethics*, 633 A.2d 959, 963 (N J. 1993)

[4] If the executives themselves have not been formally charged, however, the statements they make can be introduced in a subsequent criminal proceeding against the executives *See Moulton*, 474 U.S at 180 ("[T]o exclude evidence pertaining to charges as to which the Sixth Amendment right to counsel had not attached at the time the evidence was obtained, simply because other charges were pending at that time, would unnecessarily frustrate the public's interest in the investigation of criminal activities")

the $585 loss caused by Halper's conduct. *Id.* at 449. Therefore, the civil penalty amounted to "punishment" as contemplated by the Double Jeopardy Clause. *Id.* at 452.

The *Halper* Court unmistakably extended the reach of the Fifth Amendment, but the Court carefully distinguished the Double Jeopardy Clause from "the procedural protections of the Sixth Amendment" and other constitutional safeguards traditionally confined to criminal proceedings. *Halper*, 490 U.S. at 447. Specifically, the Court reaffirmed that the application of such constitutional guarantees turns upon the "abstract approach" prescribed in *United States v. Ward*, 448 U.S. 242, 248-51 (1980), rather than the "intrinsically personal" approach devised by the *Halper* Court to assess the availability of Double Jeopardy Clause protection. *Halper*, 490 U.S. at 447. In the wake of *Halper*, the lower courts have agreed that the availability of Sixth Amendment protections in civil penalty actions depends upon the *Ward* test, rather than the *Halper* standard. *See United States v. 38 Whalers Cove Drive*, 954 F.2d 29, 35 (2d Cir.), *cert. denied*, 506 U.S. 815 (1992); *United States v. Nevada Power Co.*, 31 Env't Rep. Cas. (BNA) 1878, 1882 (D. Nev. 1990).

According to *Ward*, a civil penalty action ordinarily should not be viewed as a criminal case with all the attendant Fifth and Sixth Amendment guarantees. *Ward*, 448 U.S. at 248-51. When a litigant in a civil penalty proceeding invokes Sixth Amendment rights by characterizing the action as a criminal prosecution, the court must engage in a two-part inquiry. *Id.* at 248. First, the court must "set out to determine whether Congress, in establishing the penalizing mechanism, indicated expressly or impliedly a preference for one label or the other." *Id.* Second, "where Congress has indicated an intention to establish a civil penalty," the court must "inquire[] further whether the statutory scheme [is] so punitive either in purpose or effect as to negate that intention." *Id.* at 248-49. "'Only the clearest proof' that the purpose and effect of the [civil penalty] are punitive will suffice to override Congress' manifest preference for a civil sanction." *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 365 (1984). Because the "protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions,'" *Austin v. United States*, 509 U.S. 602, 608 (1993), and civil penalty actions generally cannot be characterized as "criminal prosecutions," *see Ward*, 448 U.S. at 248-51, the Sixth Amendment does not foreclose interrogation of a corporation's executives while a civil penalty action is pending against the corporation.

## IV. *Conclusion*

Law enforcement contact with high-ranking corporate executives must be judged by the same Sixth Amendment standards that govern individual defendants' right to counsel. Thus, contact with corporate executives outside the presence of

counsel is impermissible after the initiation of criminal proceedings against a corporation, but such contact passes muster under the Sixth Amendment when civil penalty proceedings are in progress.

WALTER DELLINGER
*Assistant Attorney General*
*Office of Legal Counsel*